FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 22 2020

MITCHELL R. ELFERS
CLERK

ERNEST J. GALLEGOS #29624
Full Name/Prisoner Number

P.O. BOX 520
SANTA ROSA NEW MEXICO
Complete Mailing Address

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 20 cv 974 MV/KBM
(To be supplied by the Court)

ERNEST J. GALLEGOS
_____, Plaintiff(s),
Full name(s) and prisoner number(s)
(Do not use *et al.*)

v.

COUNTRY OF CHINA FOR THE PRESIDENT OF
CHINA XI JINPING
_____, Defendant(s).
(Do not use *et al.*)

## PRISONER'S CIVIL RIGHTS COMPLAINT

### A. PARTIES AND JURISDICTION

1. ERNEST J. GALLEGOS (Plaintiff) is a citizen of NEW MEXICO (State) who presently resides at P.O. BOX 520 SANTA ROSA NEW MEXICO 88435.
(mailing address or place of confinement)

2. Defendant XI JINPING (name of first defendant) is a citizen of HONG KONG (State) whose address is 2 FUYOUJIE XICHENGQU Beijingshi 100017, and who is employed as PRESIDENT OF CHINA (title and place of employment). At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? FOREIGN AND INTERNATIONAL ✓ Yes ___ No. If your answer is "Yes," briefly explain: LAWS AND RELATIONS. THE AREA OF DOMESTIC LAW OF THE UNITED STATES, THAT INVOLVES DECISIONS AND POLICIES CONCERNING INTERNATIONAL AFFAIRS. TITLE 22 OF THE UNITED STATES CODE DEALING WITH FOREIGN RELATIONS AND INTERCOURSE AMONG NATIONS.

1-25

3. Defendant _____ is a citizen of _____
                  (name of second defendant)                                    (State)

whose address is _____

and who is employed as _____. At the time the claim(s)
                         (title and place of employment)

alleged in this complaint arose, was this defendant acting under color of state law?
____Yes ____No. If your answer is "Yes," briefly explain:

_____

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

(CHECK ONE OR BOTH:)
    ✓   Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (for state defendants) or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (for federal defendants).
    ✓   Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

ART I SEC. 8, 10; ART II SEC 2; ART III, SEC 2 AND ART IV OF THE US CONST.
RESTATEMENT SS A.B. AJ. 147 (1969), A.L.I., PUBLIC WELFARE 107 F.2d 819, 827
THE ONLY APPEAL FROM JUDGMENT IS TO THE U.N. SECURITY COUNSEL; 313 US 69; 246 P2d 585;
246 U.S 304, 311 F.2d 547, SUB SEC. 1-5 INTERNATIONAL LAW

**B. NATURE OF THE CASE**

**BRIEFLY** state the background of your case. PRESIDENT XI JINPING FAILED TO PREVENT AND CONTROL A BIO HAZARD CONTAGION, THE ORIGIN OF THE CONTAGION KNOWN AS COVID-19 BEGINS IN THE COUNTRY OF CHINA CITY OF WUHAN, THE CONTAGION WAS KNOWN BY THE PRESIDENT OF CHINA ON OR AROUND NOVEMBER OF 2019 AND DID NOT NOTIFY THE PRESIDENT OF THE UNITED STATES DONALD TRUMP UNTIL JANUARY 2019, THIS CAUSED THE SPREAD OF THE VIRUS THROUGHOUT THE UNITED STATES, NOW KNOWN AS A GLOBAL PANDEMIC, THAT HAS ENTERED THE PRISON PLAINTIFF IS HOUSED IN.

**C. CAUSE OF ACTION**

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I: PRESIDENT XI JINPING VIOLATES FOREIGN, INTERNATIONAL AND TREATIES THAT ARE LAWS ESTABLISHED WITHIN THE CONSTITUTION OF THE UNITED STATES AND GOVERNED BY THE UNITED NATIONS IN WHICH THE UNITED STATES IS A MEMBER OF DUE TO PRESIDENT XI JINPING NEGLIGENT ACTIONS AND RESPONSABILITY FOR THE ORIGIN OF THE DEADLY WEAPON VIRUS, VIOLATES PLAINTIFFS 8TH, 14TH AMEND OF US CONST, AND IS AN ASSUALT AGAINST PLAINTIFF.

2

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

**Claim II:** PRESIDENT XI JINPING IS RESPONSABLE FOR NEGLIGENCE UNDER THE UNITED NATIONS, FOREIGN, AND NATIONAL LAWS AND WELFARE OF PLAINTIFF BY NOT WARNING THE UNITED STATES AND NOT PROVIDING HELP.

Supporting Facts: PRESIDENT XI JINPING WAS DETERMINED BY OUR PRESIDENT DONALD TRUMP TO BE HELD RESPONSABLE FOR THE LOSS OF MANY LIVES HERE IN THE UNITED STATES, OUR PRESIDENT DONALD TRUMP HAS RECEIVED NO HELP FROM THE COUNTRY OF CHINA PRESIDENT XI JINPING FOR THE ACT TO HELP PREVENT, PREPARATIONS, RESOURCES, AND DO THE PRESIDENT XI JINPING'S BEST TO HELP THE UNITED STATES RECOVER FROM THIS GLOBAL PANDEMIC, BECAUSE IF THE UNITED STATES HAD BEEN RESPONSABLE, THE UNITED STATES WOULD LOOK OUT FOR THE WELFARE OF THAT COUNTRY AND WOULD SUPPLY ALL THE HELP AND RESOURCES AT BEST, PRESIDENT OF CHINA TOOK NO INITIATIVE TO DO THIER BEST TO LOOK OUT FOR THE WELFARE OF THOSE THAT ARE AFFECTED BY THE BIO HAZARDIOUS WEAPON CALLED COVID-19 THAT WAS CREATED IN CHINA IN FACT THE PRESIDENT OF CHINA REGULATED THIER RESOURCES PURSUANT TO NATIONAL ASSOCIATION OF SECURITIES DEALERS, AND HELD BACK THIER RESOURCES VIOLATING INTERNATIONAL LAW MADE BETWEEN TWO OR MORE INDEPENDANT NATIONS WITH A VIEW TO THE PUBLIC WELFARE 107 F.2d 819 827 WHICH RELATES TO THE EXTERNAL CONCERNS OF THE NATION AS DISTINGUISHED FROM MATTERS OF PURELY INTERNAL NATURE. OUR PRESIDENT DONALD TRUMP WHOM HAS SOLE POWER TO INITIATE TREATIES. ONCE OUR PRESIDENT DECLARED PRESIDENT XI JINPING LIABLE OVER NATIONAL NEWS. PLAINTIFF DECIDED TO HOLD PRESIDENT XI JINPING OF CHINA ACCOUNTABLE FOR HIS ACTIONS AND INACTIONS THAT HAS PLACED PLAINTIFFS LIFE AT RISK OF DEATH, HAS PUT PLAINTIFFS FAMILY AND FRIENDS AT RISK OF DEATH.

3

**Claim III:** PRESIDENT XI JINPING OF CHINA ACTIONS WERE DELIBERATE AGAINST THE COMMON WELFARE AND WEALTH IN WHICH CONSTITUTES VIOLATION OF THE EQUAL PROTECTION LAWS WITHIN OUR TREATY AND TREATIES WITH THE COUNTRY OF CHINA.

**Supporting Facts:** THE PRESIDENT OF CHINAS ACTIONS PUT PLAINTIFFS LIFE IN JEOPARDY, PLAINTIFF HAS ATTACHED CAUSATION THAT CLEARLY EXPRESSES ALL THE PLAINTIFF SUFFERS BECAUSE OF THE WILLFUL DELIBERATE ACTIONS OF PRESIDENT XI JINPENG IN WHICH IS A MANIFESTATION OF EVENTS PLAINTIFF HAD TO DO TO PROTECT HIMSELF FROM THIS DEADLY VIRUS AT THE NEGLECTED RESPONSABILITY OF PRESIDENT OF CHINA, ABUSE OF POWER, INTENTIONAL DISREGARD FOR THE WELFARE OF PLAINTIFFS LIFE.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ____ Yes ____ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

      Plaintiff(s): _____

      Defendant(s): _____

   b. Name and location of court and docket number _____

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
   _____

   d. Issues raised: _____

   e. Approximate date of filing lawsuit: _____

   f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. ✓ Yes ____ No.

   If your answer is "Yes," briefly describe how relief was sought and the results.
   I HAVE PUT INFORMALS ON OFFICIALS NOT BEING TESTED BEFORE ENTERING THIS GOVERNMENT FACILITY DAILY BECAUSE A TEST IS ONLY GOOD FOR THAT MOMENT WHICH I WOULD HAVE DONE IF THE PRESIDENT OF CHINA WOULD OF DID HIS JOB TO WARNN THE UNITED STATES AHEAD OF TIME.

3. I have exhausted available administrative remedies. ✓ Yes ____ No. If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion. If your answer is "No," briefly explain why administrative remedies were not exhausted. I FILED A COVID-19 HABEAS IN THE 2ND JUDICIAL DISTRICT COURT AND A S-801 PETITION CASE NUMBERS CR-2005-00613 FOR S-801 THAT WAS REJECTED ON SOME FALSIFIED INFORMATION THAT PLAINTIFF IS NOW PURSUING A CIVIL CLAIM CASE D-424-CV-2020-0093 WHICH IS WHY HABEAS WAS DENIED ALSO D-424-CV-2020-00097 I ALSO FILED INTERNAL GREIVANCES ALL BECAUSE OF WHAT THE PRESIDENT IN THE COUNTRY OF CHINA DID AND FAILED TO DO.

4

### E. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a. Parties to previous lawsuit:

    Plaintiff(s): _____

    Defendant(s): _____

b. Name and location of court and docket number _____

c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury?  ✓ Yes ___ No. If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument. (SEE ATTACHED.)

### G. REQUEST FOR RELIEF

I request the following relief: DEMANDS A TRIAL BY JURY ON ALL COUNTS AND INFORMATION OF CAUSATION BY A JURY OR BY JUDICIAL DECISION AND/OR (ART II SEC 2 CT 2) THE PRESIDENT SHALL HAVE POWER BY, WITH THE ADVICE AND CONSENT OF THE SENATE PROVIDED TWO THIRDS OF THE SENATORS PRESENT CONSENT. i) COMPENSATORY DAMAGES OF THE AMOUNT OF TEN MILLION DOLLARS OR AS YET UNDETERMINED AMOUNT JOINTLY AND SEVERALLY AGAINST ALL DEFENDANT(S), INCLUDING DAMAGES FOR COURT AND ATTORNEY FEES, AND FOR EMOTIONAL DISTRESS HARM SUFFERED, PSYCHOLOGICAL HARM SUFFERED, DAMAGES TO MY CONSTITUTIONAL RIGHTS, ALL PUNITIVE BE AWARDED IN TRIPLICATE AND SUCH OTHER FURTHER RELIEF THE COURT DEEMS APPROPRIATE.

Prisoner's Original Signature

*Ernesto Vallegos* (signature)

PLAINTIFF REQUEST THE COURT TO APPOINT COUNSEL.

Original signature of attorney (if any)

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at P.O. BOX 520 SANTA ROSA NEW MEX 88435 on SEP 16 20
　　　　　　　(location)　　　　　　　　　　　　　　　　　(date)

*Ernesto Vallegos* (signature)
Prisoner's Original Signature

NOTERY * Michael Frederick
EXPIRES 12-8-2020

[Notary Public seal - State of New Mexico - Nichols Frederick]

6-25

BECAUSE OF THE ACTIONS AND INACTIONS OF THE PRESIDENT OF THE COUNTRY OF CHINA

## CONTINUED PETITION OF FACTS

1. PETITIONER SUFFERS THE THREAT OF A POTENTIAL DEATH TRAP OF AN UN-DETECTED COVID-19 VIRUS THAT IS DEADLY, IN WHICH OFFICIALS MUST TAKE STEPS TO PREVENT PRISONS AND JAILS FROM BECOMING "DEATH TRAPS". NOW IF OUR RESPECTED PRESIDENT AND GOVERNMENT HAS NO CONTROL OVER A SENOR CITIZEN HOME WITH PEOPLE THAT GO NO WHERE EVERYTHING IS BROUGHT TO THEM, AND I AM SURE THAT THE EMPLOYEES SCREENED AND CHECKED FOR SYMPTOMS, THAT EVIDENCE SHOWS COVID-19 CAN GO UN-DETECTED. EVIDENCE THROUGHOUT FIFTY STATES COUNTING NEW MEXICO ARE NOT NULLIFIED FROM THE SUPREMACY LAW OF THE LAND THAT EVEN OUR PRESIDENT IS NOT ABOVE OUR CONSTITUTIONAL LAWS AND MUST CONSIDER THE RISK OF HARM AND DEATH ARE UNSAFE CONDITIONS EVEN AT ITS MINIMUM FOR HUMAN HABITATION. OFFICIALS CANNOT ENSURE ADEQUATE MEDICAL CARE AND TAKE REASONABLE MEASURES TO GUARANTEE THE SAFTY OF PRISONERS AND INMATES LIKE PETITIONER SEE HUDSON V PALMER, 468 U.S. 517, 526-27, 104 S. CT. 3194 (1984).

2. PETITIONER IS NOT SENTENCED TO DEATH AND IS NOT SERVING A DEATH WARRENT, THIS IS NOT JUST A ROUTINE DISCOMFORT THIS IS SO SERIOUS THAT OTHER STATES HAVE ALREADY RELEASED PRISONERS AND INMATES, THERE IS ALREADY A DEPRIVATION OF A HUMAN NEED, OFFICIALS AND CITIZENS OF THE UNITED STATES HAVE KNOWLEDGE OF THESE DEPRIVATIONS THAT ARE DELIBERATE WITH OR WITHOUT THE INTENTIONS TO DO SO AND THERE IS ALREADY INDIFFERENCES, THE CAUSATION OF INJURY IS UNPREDICTABLE SO THERE IS NO REALISTIC OPPORTUNITY TO BE CURED AND RELEASED, AND THERE ARE PRISONERS HERE THAT MAKE IT MORE OF A RISK THAT HAVE PRE-EXISTING CONDITIONS; MEANING IT MAY BE EASIER FOR THEM TO CONTRACT THE VIRUS AND SPREED IT TO OTHERS PETITIONER REQUESTED THAT EVERYONE NEEDS TO BE TESTED AND LAW STATES PRISONS AND JAILS SHOULD UNDERGO MEDICAL SCREENING EVEN NOW MORE FOR COVID-19 VIRUS. THE PURPOSE OF TESTING AND SCREENING ALL OVER AGAIN INCLUDING STAFF AND OFFICIALS IS NOT JUST BECAUSE A PRISONER JUST CAME TO PRISON, IT IS BECAUSE THIS COVID-19 VIRUS JUST CAME TO OUR STATE AND IT IS IMPORTANT TO IDENTIFY PRISONERS AND JAIL INMATES, MEDICAL STAFF AND OFFICIALS WHO MIGHT HAVE THE DEADLY VIRUS AND ANY OTHER INFECTIOUS DISEASES IN ORDER FOR OFFICIALS AND MEDICAL STAFF TO RESPOND APPROPRIATELY THIS INFORMATION IS IMPORTANT.

page 1

9-25

3. Prisoners are at great risk of contracting Covid-19 in our close quarters and living conditions. The Eighth Amendment requires a remedy for placement of inmates or prisoners in punitive isolation under conditions where infectious virus could spread easily. This is against corporal punishment such that it imposes an atypical and significant hardship, or unusually harsh living conditions and gives rise to liberty interest, especially when the petitioner or any other prisoner would have contracted the virus. The cruel and unusual and inhumane action will be to cause petitioner to undergo the condition of his death in segregation is compared to forcing a dog into a vacant alley to his death.

4. Petitioner challenges the Governor of the State of New Mexico, Officials in Charge of Corrections Department, Officials of the facility where petitioner is housed, Warden and Medical staff the dangers of this Covid-19 virus to petitioners health, safety and life in which all government officials and medical staff have been given advance notice and there is no future prediction to ensure the life and health safety of petitioner this then is an deliberate indifference any official or medical staff has no way of reasonably responding to the risk of this virus. Where and when does an official find the duty to act if no one is tested and even if tested the Covid-19 virus does not have to show symptoms and evidence shows people that have tested came to the result negative but they still had it and transmitted the virus. There is no adequate secured method to monitor a prisoner like petitioner when there is an uncontrolable pandemic Covid-19 virus spreading rapidly inside and outside prison. See Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir 2008)

5. Petitioner has filighted an that encompasses the actions and inactions needed and not needed to express out of his fear of death. An official violates the constitution when he or she knows that petitioner [prisoner] is at

page 2

10-25

RISK AND FAILS TO PREVENT, RESPOND REASONABLY AND SECURE PETITIONERS LIFE - NOT WHEN PETITIONER IS ACTUALLY INFECTED OR DEAD. THE VIRUS CAN ATTACK PETITIONER BY MEASURES NOT OBVIOUS TO THE OFFICIALS. THAT WITHIN THE PRISON OR COUNTY JAIL, THERE IS NO WAY AN OFFICIAL CAN ELIMINATE THE RISK OF HARM NOT. EVEN OUR COUNTRY AS A WHOLE COULD DO THAT. PETITIONER IS EXPOSED TO AN ONGOING PANDEMIC COVID-19 VIRUS, A SUBSTANTIAL RISK OF SERIOUS HARM RESULTING IN DEATH WERE INJUNCTION RELIEF IS SOUGHT WITH THE REQUEST TO BE RELEASED FROM THIS SERIOUS RISK OF AN INFECTIOUS VIRUS THAT HAS CAUSED DEATH. PETITIONER SEEKS RELEASE AS A REMEDY FOR UNSAFE CONDITIONS WHICH DOES NOT HAVE TO AWAIT A TRAGIC EVENT SUCH AS DEATH BEFORE RECEIVING RELIEF SEE HELLING V. MCKINNEY 509 US. 25 33-34 113 S CT. 2475 (1993).

6. THE RISK OF HARM TO PETITIONER IS BROAD DEFINED AS A PANDEMIC THAT HAS AFFECTED LARGE GROUPS OF SOCIETY, COUNTRIES, JAIL INMATES, ENTIRE JAILS AND PRISONERS POPULATION, WHICH OFFICIALS ARE AWARE OF THIS COVID-19 VIRUS AND ITS BASIC PANDEMIC SPREAD, THAT PETITIONER IS THREATENED AND FEARED BY FOR HIS LIFE THIS APPLIES TO PETITIONERS FAILURE-TO-PROTECT CLAIM. PETITIONER STANDS AS A VICTIM AND VULNERABLE TO BECOME A TARGET OF THIS VIRUS. LEGAL OFFICIALS HAVE THE DUTY TO PROTECT PETITIONER FROM BECOMING THE PREY OF THIS DEADLY VIRUS. THE OFFICIALS AND STAFF HAVE ALREADY REDUCED PETITIONERS MEANS OF HYGIENE STARTING WITH TOILET PAPER, LEAVING PETITIONER UNCERTAIN AS TO WHAT IS NEXT AND THERE IS NO WAY TO PRACTICE SOCIAL DISTANCING FROM OFFICIALS, STAFF AND OTHER PRISONERS, SEGREGATION IS AGAINST PETITIONERS 8TH AMEND US CONST AND NEW MEXICO CONST ART 2 SEC 13 INCLUDING FEDERAL COUNTER PARTS

7. THIS CONTAGION CAN BE WEAPONIZED BY OFFICIALS MEDICAL STAFF, FACILITY STAFF AND OTHER PRISONERS

page 3
11-25

THAT CAN JUST THINK OR HAVE THE VIRUS AND UNINTENTIONALLY OR INTENTIONALLY INFECT IT ON OTHERS LIKE PETITIONER, CAUSING A HOSTILE ENVIORMENT.

8. PETITIONER CLAIMS THAT THIS CONTAGION FAILS UNDER ACTS OF CONGRESS FOR THE GOVERNMENT AND UNITED STATES SHUT DOWN WITHIN THE JUDICIAL AND LEGAL SYSTEM, EVEN THOUGH IT IS A CONTRAVENTION OF A REGULATORY REQUIREMENT CONCERNING THE SECURITIES LAWS, BUT THE FACT IS THAT THE ORIGIN UNKNOWN WAS CREATED IN THE COUNTRY OF CHINA NOT THE UNITED STATES IN WHICH PETITIONER PREVAILS ON AN CONSTITUTIONAL CLAIMS THAT IT IS INHUMANE TO RISK HIS LIFE TO A POTENTIAL INFECTIOUS VIRUS (CONTAGION) THIS IS AN UNCERTAIN OF ITS MEASURES WITHIN THE COUNTRY, STATE AND PRISON I AM IN FROM SPREADING. SEE HELLING V MCKINNEY 509 U.S. 25, 33, 113 S. CT 2475 (1993) "Inmates IN punitive isolation were crowded into cells AND THAT SOME OF THEM [OFFICIALS, MEDICAL STAFF, FACILITY STAFF AND PRISONERS] HAD INFECTIOUS MALADIES SUCH AS HEPATITIS AND VENEREAL DISEASE [ COVID-19 VIRUS ] and the SUPREME COURT HELD THAT THIS WAS ONE OF THE PRISON CONDITIONS FOR WHICH THE 8th AMEND REQUIRED REMEDY", WHILE THERE STILL IS NO CURE FOR COVID-19 SO THERE IS NO ALTERNATIVE THAT AN OFFICIAL OR MEDICAL STAFF CAN USE TO HAVE THE DUTY TO TAKE REASONABLE MEASURES TO PREVENT THE VIRUS FROM CAUSING DEATH OR SPREADING, ESPECIALLY WHEN PETITONERS LIFE REST IN THE HANDS OF OFFICIALS AND MEDICAL STAFF WHOM TAKE CARE OF COUNTY INMATES AND WORK AT THE HOSPITAL ON DIFFERENT SHIFTS, THIS CAUSES THEM TO BE INSTANTAINIOUSLY LIABLE SEE KIMBLE V. TENNIS, 2006 WL 154950 (MD Pa 2006); (MATES V. ROWLAND 39 F3d 1439, 1447 (9th CIR 1994)..."states and difficulty of educating people" The methods of transmission of a mysterious virus about which much is, as yet unknown." PROVIDING THAT PRISONERS LIKE PETITIONER ARE AT GREATER RISK FOR COMMUNITY ASSOCIATED

page 4
12-25

[VIRUS CONTAGION] INFECTIOUS SEE DIXON V. ARPAIO 2007. WL 157791 (D. Ariz 2007); BUTLER V. FLECHER 465 F3d 340, 342 (8th Cir 2006) SO THERE IS NO WAY ANY OFFICIAL, MEDICAL STAFF CAN PREVENT EXPOSURE OF THE VIRUS TO PETITIONER AS All OTHER PRISONERS WITHOUT PROPER TREATMENT, PROTECTIVE GEAR FOR OFFICIALS, MEDICAL STAFF AND PRISONERS SEE WILLIAMS V. MORRIS 148 F3d 983, 986-87 (8th Cir 1998), Sanchez V. Taggart, 144 F3d 1154, 1156 (8th Cir 1998) and WALLIS V. BALDWIN 70 F3d 1074, 1076-77 (9th Cir 1995)

9. FOR ABOVE REASONS PETITIONER SEEKS PERMANENT INJUNCTION RELIEF, PETITIONER HAS NO WAY OF ADEQUATE TREATMENT FOR COVID-19, THIS PETITION DESERVES REMEDY, OFFICIALS AND MEDICAL STAFF WERE GIVEN KNOWLEDGE OF THIS CONTAGION PETITIONER REQUESTED THAT All PRISONERS, OFFICIALS, MEDICAL STAFF, FACILITY STAFF AND COUNTY INMATES BE TESTED THE RESPONSE WAS "IF THERE IS NO SHOWING OF SYMPTOMS WE DON'T NEED TO AND WE ARE SCREENING All OUR EMPLOYEES, WE CONTINUE TO KEEP THE FACILITY CLEAN" BUT WHEN PETITIONER STATED THAT IT'S KNOWN THAT THIS COVID-19 VIRUS CAN SHOW NO SYMPTOMS AND BE TRANSMITTED, THE RESPONSE WAS WE DON'T NEED TO TEST, THAT WE ARE DOING OUR BEST KEEPING THE FACILITY CLEAN, THEY ARE DOING THEIR BEST AND A GREAT JOB BUT EVEN AT OUR BEST AS A WHOLE COUNTRY, STATE AND PRISON THERE REMAINS A SUBSTANTIAL RISK WHICH GOVERNMENT OFFICIALS HAVE NOT ADEQUATLY PROTECTED THEMSELVES FROM THIS PANDEMIC COVID-19 VIRUS., EVEN THOUGH THERE IS NO YET KNOWN CASES WITHIN THIS PRISON WITHOUT TESTING AND OFFICIALS GO OUT TO STORES, PRONE TO ALREADY BEEN TOUCHED ITEMS AT STORES, SOMEONE SNEEZ IN THE WIND CARRIES MORE THAT 6 FEET. ECT....

10. PETITIONER REQUEST THE COURT TO GRANT COMPASSION ON PETITIONER AND ORDER EMERGANCY RELEASE TO SECURE HIS LIFE, HEALTH AND SAFETY SUBMITTED BY

page 6

13-25

11. On April 23 2020 Deputy Warden Peterson stated to all the prisoners that a nurse was found to be sick on April 19th 2020, then tested positive for COVID-19 on April 21st 2020, then eight nurses or employees were placed in quarantine along with all expected prisoners that the nurse(s) or employees came in contact with, some prisoners were housed in the same unit with me and others, the cellmates remained here, who — knows that if some of the prisoners tested positive for COVID-19 and who knows how many more officials, staff and prisoners are infected without being tested, also officials and medical staff do not change the gloves they are wearing while touching different things, like when passing out medication they touch one cup of medication then another, then pass it to a prisoner whom does not have gloves and puts the cup up to their mouth.

12. I don't know for sure but it has been stated that families have called the facility and were told by officials that we all have been tested if this is true, the fact is I have not been tested for symptoms nor tested for COVID-19 to this date, I know it was asked of the warden if we are going to be tested and he said no!

page 6.

14-25

13. THE OFFICIALS HAVE BEEN MADE AWARE OF FACTS ABOUT THE COVID-19 FROM WHICH THE INFERENCE COULD BE DRAWN THAT A SUBSTANTIAL RISK OF SERIOUS HARM RESULTING IN DEATH EXIST, AND MUST BE BY THE OFFICIAL TO DRAW THE INFERENCE THAT THEY HAVE NO WAY TO MANAGE SOMETHING THEY CANNOT CONTROL, THIS IS THEN DETERMINED THAT THE "SUBJECTIVE RECKLESSNESS" STANDARD IS APPROPRIATE FOR DEMONSTRATING DELIBERATE INDIFFERENCE.

14. THERE IS NO METHOD OF TESTING FOR COVID-19, WHICH IS A DUTY TO INFORM, WHEN THE FACILITY DOES NOT HAVE A TEST AS EVIDENCE DAILY OF THE INFORMATION WHICH OUGHT TO BE COMMUNICATED TO ME AS A PRISONER, THAT CAN BE REGARDED AS MATERIAL EVIDENCE OF A NEGATIVE OR POSITIVE RESULT NOR ARE ANY OFFICIALS AND STAFF TESTED DAILY BEFORE ENTERING INTO THE FACILITY.

15. WHEN PETITIONER PUT IN AN INFORMAL THE RESPONSE WAS WE DO NOT HAVE THE RESOURCES TO TEST DAILY EVERY PRISONER OFFICIAL AND STAFF. AND WE DO NOT HAVE A TREATMENT OR VACCINE THAT CAN CURE A PRISONER, OFFICIAL AND STAFF.

16. THERE ARE NO ALTERNATIVE METHODS OF DIAGNOSIS, TREATMENT OR CARE. LACKING IN ANY OF THE ABOVE OUTLINED PARAGRAPHS CONSTITUTES NEGLIGENCE AUTOMATICALLY, WHEN THERE IS A DUTY TO USE ORDINARY CARE TO AVOID OR PREVENT WHAT A REASONABLY PRUDENT PERSON WOULD FORESEE AS AN UN-REASONABLE RISK OF INJURY TO ANOTHER AT THE HANDS OF THE OFFICIALS, MEDICAL STAFF AND REGULAR STAFF NOT PRISONERS, BECAUSE IT IS THE RESPONSABILITY OF THE OFFICIALS TO HAVE DAILY TEST, TREATMENT, NOT JUST PASSING OUT MASK AND WEARING RUBBER GLOVES THAT CROSS CONTAMINATE AND OFFICIALS AND STAFF ARE NOT MONITORED OF AN THIER DAILY ACTIVITIES WHEN NOT AT WORK AND THIER INTERACTIONS OUTSIDE FACILITY

pg 7

*[Handwritten annotation: PLAINTIFF CONCEDES FURTHER FACTS SHOWING CAUSATION FROM THE NEGLIGENT ACTS OF THE PRESIDENT OF THE COUNTRY OF CHINA WHOM FAILED TO PREVENT THE SPREAD OF A DEADLY CONTAGION KNOWN AS COVID-19.]*

I.  Slowing the spread of the virus is critical to the health and safety of our entire community as it is the only way to ensure the State has the necessary resources to care for those who do become ill.

*[Handwritten annotation: THE PRESIDENT OF THE COUNTRY OF CHINA IS RESPONSABLE FOR PLAINTIFFS DURING A GLOBAL PANDEMIC.]*

II.  **Continued detention constitutes cruel and unusual punishment.**

   A.  Holding Defendant in custody in the midst of a public health emergency without a particularized compelling need "constitute[s] a deliberate indifference" to the health of Defendant and the health of others in the community. *Cf. State v. Arrington*, 1993-NMCA-055, ¶ 11, 115 N.M. 559 (cruel and unusual punishment); *see also Estelle v. Gamble*, 429 U.S. 97 (1976); N.M. Const. Art II, Section 13; U.S. Const. amend. VIII.

   B.  It is cruel and unusual punishment to subject inmates to the substantial risk of contracting COVID-19, which would potentially constitute a death sentence for those infected. Incarcerated persons have a "clear and undisputed right" under both the Eighth Amendment to the United States Constitution and Article II, Section 13 of the New Mexico Constitution to be free from cruel and unusual punishment and not to be "expos[ed] ... to serious, communicable disease." *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993) ("We have great difficulty agreeing that prison authorities may not be deliberately indifferent to an inmate's current health problems but may ignore **a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year**.") (emphasis added)

   C.  With respect to "infectious maladies," the Court observed:

   > This was one of the prison conditions for which the Eighth Amendment required a remedy, **even though it was not alleged that the likely harm would occur immediately and even though the possible infection might not affect all of those exposed**. ... Nor can we hold that prison officials may be deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current

MR GALLEGOS ERNEST
PO BOX 520
SANTA ROSA NM 88435-

Legal Mail !

UNITED STATES DISTRICT COURT
333 Lomas Blvd NW
Albuq. NEW MEXICO 87102

87102-2274470



ALBUQUERQUE NM
21 SEP 2020 PM 2